IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

HÉCTOR REYES-MARTÍNEZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 07-1639 (JAG)
(CRIMINAL 03-0083 (JAG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the court on Petitioner Héctor Reyes-Martínez' (hereinafter "Reyes-Martinez") motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Docket No. 1-2.) Reyes-Martínez sets forth two arguments in support of his motion: first, Reyes-Martínez contends that his counsel, both at trial and on appeal, rendered ineffective assistance. (Id. at 7-14.) Reyes-Martínez argues that trial counsel failed to (a) provide Reyes-Martínez with discovery; (b) advise Reyes-Martínez of the benefit of an open plea, which he argues would have preserved the issue of drug quantities for future proceedings; (c) properly litigate Reyes-Martínez' pro se informative motion and motion to withdraw; and (d) "preserve any Blakely issues." (Id. at 13-14.) Reyes-Martínez argues appellate counsel should have argued that (1) trial counsel rendered ineffective assistance and (2) Reyes-Martínez' sentence is illegal under Apprendi and its progeny. (Id. at 7.)

Second, Reyes-Martínez contends his guilty plea was involuntary and unintelligent because he was not informed by his trial counsel that he did not have to stipulate to the drug quantities in the plea agreement and could, through an open plea, move for an evidentiary hearing to determine such. (Id. at 20-21.)

CIVIL 07-1639 (JAG)                                    2
(CRIMINAL 03-0083 (JAG))

On November 6, 2007, the government filed its opposition to Reyes-Martínez' section 2255 motion, asserting that Reyes-Martínez' "allegations are refuted by the files and records of the case" and his petition should be "summarily denied." (Docket No. 6, at 2.)

On December 10, 2007, in his reply to the government's opposition to his section 2255 motion, Reyes-Martínez moved for an evidentiary hearing to determine the drug quantities for which he should be held responsible. (Docket No. 11.) Having considered the arguments of the parties and for the reasons set forth below, petitioner Reyes-Martínez' motion to vacate, set aside, or correct sentence is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2003, Reyes-Martínez and sixteen co-defendants were charged by a Federal Grand Jury with a two-count indictment in the District of Puerto Rico. (Criminal 03-0083, Docket No. 2.) Count one charged the defendants with conspiring to posses with intent to distribute one (1) kilogram or more of heroin, multiple kilograms of marijuana, and five (5) or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. (Id. at 3.) Count two charged the defendants with aiding and abetting in the knowing and intentional possession of firearms in furtherance of the drug trafficking conspiracy, as defined in 18 U.S.C. § 921(a)(3) and in violation of 18 U.S.C. §§ 924(c)(1) and (2). (Id. at 11.)

On March 1, 2004, Reyes-Martínez pled guilty to both counts pursuant to a plea agreement. (Criminal 03-0083, Docket Nos. 299 & 303.) According to the plea agreement, both parties agreed that Reyes-Martínez was responsible for at least ten (10), but not more than thirty (30), kilograms of heroin, establishing a

CIVIL 07-1639 (JAG)                              3
(CRIMINAL 03-0083 (JAG))

base-level offense of thirty-six (36) for count one of the indictment under U.S.S.G. § 2D1.1(c)(2). (Criminal 03-0083, Docket No. 303, at 4.) Both parties agreed that a three-level downward adjustment under section 3E1.1 was appropriate due to Reyes-Martínez' acceptance of responsibility. (Id. at 5.)

The plea agreement explained that with a base-level offense of thirty-three (33) and a Criminal History Category of III, Reyes-Martínez' sentencing guideline range fell between one-hundred sixty-eight (168) and two-hundred ten (210) months imprisonment. (Id.) The government agreed to a sentence of one-hundred eighty (180) months and Reyes-Martínez reserved the right to argue for a sentence at the lower end of the guideline range. (Id.)

The plea agreement also explained that, as to count two of the indictment, Reyes-Martínez was required to serve a mandatory minimum of sixty (60) months consecutive to the sentence imposed for count one. (Id. at 6.) Thus, the total sentence recommended by the government was two-hundred forty (240) months. (Id.)

On March 19, 2004, Reyes-Martínez filed a pro se informative motion in Spanish, wherein he objected to the drug quantities attributed to him in the plea agreement. (Criminal 03-0083, Docket No. 329, at 1.) Reyes-Martínez argued there were drug quantities attributed to him from the time before he joined the conspiracy, in violation of U.S.S.G. § 1B1.3. (Id.) Reyes-Martínez argued he was in custody or under supervised release for most of the duration of the conspiracy and therefore unable to participate in it. (Id.) Reyes-Martínez argued that, under section 2D1.1, he should have been given an evidentiary hearing to determine the drug quantities for which he was responsible. (Id.) This pro se motion was

CIVIL 07-1639 (JAG)                                    4
(CRIMINAL 03-0083 (JAG))

referred to Reyes-Martínez' trial counsel for further action. (Criminal 03-0083, Docket No. 333.)

On June 7, 2004, Reyes-Martínez filed a pro se motion in Spanish to withdraw his guilty plea. (Criminal 03-0083, Docket No. 368.) In this motion Reyes-Martínez expressed that, although he had intelligently and voluntarily submitted to the plea agreement, he felt pressured to do so because he was afraid that the co-defendants in the case would testify against him. (Id. at 1.) Reyes-Martínez also expressed that his trial counsel, attorney Ignacio Rivera-Cordero (hereinafter "Rivera-Cordero"), did not provide him with the kind of legal representation he deserved. (Id. at 2.)

On June 9, 2004, Reyes-Martínez' motion to withdraw his guilty plea was denied and referred to counsel for further action. (Criminal 03-0083, Docket No. 371.)

On June 25, 2004, a sentencing hearing was held and Reyes-Martínez was sentenced to one-hundred seventy-four (174) months imprisonment to be served consecutively to the mandatory minimum of sixty (60) months for count two (Criminal 03-0083, Docket No. 391), for a total of two-hundred thirty-four (234) months. Judgment was entered June 29, 2004 (Criminal 03-0083, Docket No. 392), and Reyes-Martínez filed a timely notice of appeal. (Criminal 03-0083, Docket No. 395 & 397.)

On April 21, 2005, Reyes-Martínez, through appellate counsel, attorney Johnny Rivera-González (hereinafter "Rivera-González"), argued that "the district court committed reversible error when it failed to entertain [Reyes-Martínez'] motion to withdraw his guilty plea as well as to consider whether there was a conflict of interest between his [trial] counsel and him, which interfered with

CIVIL 07-1639 (JAG)                                5
(CRIMINAL 03-0083 (JAG))

[Reyes-Martínez'] Sixth Amendment right to counsel."  (Appeal No. 04-1991, Appellant's Br. 15.)

On March 9, 2005, Reyes-Martínez, through his appellate counsel, filed a motion requesting leave to move for summary remand to withdraw the plea or for re-sentencing in the alternative.  (Civil 07-1639, Docket No. 1-3, at 51; Appeal No. 04-1991, Appellant's Mot., Mar. 9, 2005.)  In this motion, Rivera-González argued that Reyes-Martínez should either be allowed to withdraw his guilty plea or be re-sentenced in light of the fact that the sentencing guidelines had been made advisory under United States v. Booker, 543 U.S. 220 (2005).  (Id.)

On April 4, 2006, Reyes-Martínez' conviction and sentence were affirmed by the First Circuit, United States v. Martínez, No. 04-1991 (1st Cir. April 4, 2006) (unpublished), and on October 2, 2006, the Supreme Court denied certiorari. Reyes-Martínez v. United States, 127 S. Ct. 196 (2006).  In affirming Reyes-Martínez' conviction, the First Circuit noted that Reyes-Martínez' pro se motion to withdraw his plea "contained a bare, isolated accusation that his attorney did not render 'proper legal representation.'"  (Criminal 03-0083, Docket No. 665, at 2.) The First Circuit noted that Reyes-Martínez' "allegation of defective legal assistance was belied by the representation of satisfaction with counsel that he made under oath during the change-of-plea colloquy and, subsequently, by his thanks to counsel at sentencing."  (Id.)

On July 17, 2007, Reyes-Martínez filed the instant section 2255 motion. (Civil 07-1639, Docket No. 1-2.)  Reyes-Martínez argues that (A) he "was denied rights guaranteed to him by the Sixth Amendment of the United States Constitution to the effective assistance of counsel in his criminal proceedings from 2004 to 2006," (id. at 7), that is, that both his trial counsel, Rivera-Cordero, and

CIVIL 07-1639 (JAG)                                6
(CRIMINAL 03-0083 (JAG))

appellate counsel, Rivera-González, rendered ineffective assistance (Docket No. 1-2, at 7-18); and (B) his "lack of understanding of the Due Process requirements makes his waiver an unintelligent, involuntary waiver, which must be set aside." (Id. at 24).

## II.  DISCUSSION

Under 28 U.S.C. § 2255 a petitioner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a).

### A.  Ineffective Assistance of Counsel

"In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defense." U.S. Const. amend. 6. "'[T]he right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). However, "the 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" Sleeper v. Spencer, 510 F.3d 32, 38 (1st Cir. 2007) (quoting Yarborough v. Gentry, 540 U.S. 1, 8 (2003)). Therefore, to prove ineffective assistance of counsel, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) that "the deficient performance prejudiced his defense." Owens v. United States, 483 F.3d 48, 63 (1st Cir. 2007) (quoting Strickland v. Washington, 466 U.S. at 687-88). The defendant bears the burden of proof on both tiers of the test. Cirilo-Muñoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005) (citing Scarpa v. Dubois, 38 F.3d 1, 8-9 (1st Cir. 1994)).

CIVIL 07-1639 (JAG)                                        7
(CRIMINAL 03-0083 (JAG))

Reyes-Martínez alleges that both his trial and appellate counsel rendered ineffective assistance of counsel during his criminal proceedings. (Docket No. 1-2 at 7, 10.)

### 1. Trial Counsel

Reyes-Martínez argues trial counsel rendered ineffective assistance of counsel because he failed to: (a) provide Reyes-Martinez with discovery; (b) advise Reyes-Martínez of the benefit of an open plea, which he argues would have preserved the issue of drug quantities for future proceedings; (c) properly litigate Reyes-Martinez' pro se informative motion and motion to withdraw; and (d) "preserve any Blakely issues." (Docket 1-2, at 13-14.)

### a. Discovery

Reyes-Martínez alleges that when he asked attorney Rivera-Cordero about discovery, the counselor's response was "there was no discovery." (Docket No. 1-2, at 8.) However, Reyes-Martínez has presented no evidence to show or infer that Rivera-Cordero ever made such a statement.

The government submits that it turned over six discovery packages to Reyes-Martínez' trial counsel. (Docket No. 6, at 9.)

According to Reyes-Martínez, Rivera-Cordero allegedly told him that he should consider the plea agreement because "if one looses [sic] you all will loose [sic]." (Docket No. 1-2, at 8.) As Reyes-Martínez points out, three co-defendants proceeded to trial, were convicted, and sentenced to thirty-five (35), forty-five (45), and fifty-five (55) years imprisonment. (Id. at n.2.)

Even assuming Rivera-Cordero reviewed the discovery but then told Reyes-Martínez there was no discovery, Reyes-Martínez has not shown how this prejudiced his defense:   Reyes-Martínez still received the benefit of the plea

CIVIL 07-1639 (JAG)                               8
(CRIMINAL 03-0083 (JAG))

agreement Rivera-Cordero negotiated from the information received through discovery.

### b. Open Plea

First, as with the "no discovery" allegation, Reyes-Martínez has produced no evidence to show or infer that Rivera-Cordero did not explain to him the option to entertain an open plea.

Second, Reyes-Martínez has not shown that not being given the option to entertain an open plea somehow prejudiced his defense. Reyes-Martínez argues he was prejudiced by not being given the chance to an open plea because the issue of drug quantities could have been preserved for appeal. But Reyes-Martínez cites no case law for this proposition and does not set forth exactly how such an issue could be preserved for review. Arguments such as this, developed in a perfunctory manner, are deemed waived. Alan Corp. v. Int'l Surplus Ins. Co., 22 F.3d 339, 343 (1st Cir. 1994).

Third, it can easily be inferred that Rivera-Cordero saw the evidence presented to him in discovery and thought a plea agreement would be in Reyes-Martínez' best interests. If Reyes-Martínez had been left to the vagaries of an open plea –which may have given Reyes-Martínez the right to an evidentiary hearing but no guarantee to a recommended sentence from the government– then Reyes-Martínez likely would have been exposed to a much higher sentence than what Rivera-Cordero negotiated.

### c. Pro Se Motions

Reyes-Martínez alleges that his trial counsel's failure to litigate his pro se motions constituted ineffective assistance of counsel. However, "[t]o avoid the shoals of ineffective assistance, an attorney's judgment need not necessarily be

CIVIL 07-1639 (JAG)                            9
(CRIMINAL 03-0083 (JAG))

right, so long as it is reasonable." United States v. McGill, 11 F.3d 223, 227 (1st Cir. 1993). Moreover, an attorney's decision "not to abide by the wishes of his client has no necessary bearing on the question of professional competence[,] [and] in some instances, listening to the client rather than to the dictates of professional judgment may itself constitute incompetence." Id. Therefore, Rivera-Cordero's decision not to litigate Reyes-Martínez' pro se motions do not amount to ineffective assistance of counsel.

Even if such a decision could be deemed unreasonable, Reyes-Martínez has not shown how such action prejudiced his defense, insofar as he has not shown any possibility of success on those motions.

### d. Blakely

Reyes-Martínez argues his trial counsel rendered ineffective assistance because he failed to preserve any Blakely issues for appeal. However, Reyes-Martínez' sentence in no way violates the mandate of Apprendi and its progeny.

In Apprendi v. New Jersey, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Then, in Blakely v. Washington, the Supreme Court extended Apprendi, holding that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Blakely v. Washington, 542 U.S. 296, 303 (2004) (emphasis in original). In United States v. Booker, the Supreme Court held that, similar to the state sentencing schemes in Apprendi and Blakely, the Federal Sentencing Guidelines implicate the Sixth Amendment and struck down the

CIVIL 07-1639 (JAG)                                  10
(CRIMINAL 03-0083 (JAG))

section which made the Guidelines mandatory. United States v. Booker, 543 U.S. 220, 233-37 (2005).

At the Rule 11 change of plea colloquy, Reyes-Martínez, agreed with the government's stipulation that he had handled between ten (10) and thirty (30) kilograms of heroin and brandished a weapon in the process.

"[T]he presumption of truthfulness of the Rule 11 statements will not be overcome unless the allegations in the § 2255 motion are sufficient to state a claim of ineffective assistance of counsel and include credible, valid reasons why a departure from those earlier contradictory statements is now justified." United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984).

Reyes-Martínez has failed to show a reason why his statements at the Rule 11 plea colloquy should not be accepted as truth. By signing on to the plea agreement and following through with the plea colloquy, Reyes-Martínez admitted to the facts in that agreement.

Reyes-Martínez' admissions to possessing with intent to distribute heroin and brandishing a weapon in the process, along with his acceptance of responsibility, led to Reyes-Martínez being sentenced to one-hundred seventy-four months (174) imprisonment. This sentence falls at the very bottom end of the sentencing guideline range established by the guidelines; the maximum sentence provided by statute in Reyes-Martínez' case was life imprisonment. See 21 U.S.C. § 841.

Reyes-Martínez' sentence was neither above the guideline range, nor the statutory maximum, and no other facts were even found by the judge in this case. Therefore, Reyes-Martínez' sentence in no way violates the mandate of Apprendi and its progeny.

CIVIL 07-1639 (JAG)                                11
(CRIMINAL 03-0083 (JAG))

### 2. Appellate Counsel

Reyes-Martínez argues his appellate counsel rendered ineffective assistance because he raised "hopeless" arguments and did not tackle the "real issues." (Docket No. 1-2, at 11.)  Reyes-Martínez argues that appellate counsel should have argued that (1) trial counsel rendered ineffective assistance and (2) Reyes-Martínez' sentence is illegal under Apprendi and its progeny.  (Id. at 11-12.)

First and foremost, "[a]ppellate counsel is not required to raise every non-frivolous claim, but rather select[] among them to maximize the likelihood of success on the merits." Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002) (citing Smith v. Robbins, 528 U.S. 259, 288 (2000)).  Therefore, what Reyes-Martínez perceives would have been the better argument on appeal, especially in retrospect, does not make for an ineffective assistance of counsel claim.

Second, ineffective assistance of counsel claims "'must originally be presented to the district court' as a collateral attack under 28 U.S.C. § 2255." United States v. Colón-Torres, 382 F.3d 76, 84-85 (1st Cir. 2004) (quoting United States v. Ovalle-Márquez, 36 F.3d, 212, 221 (1st Cir. 1994) (quoting United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir.1989)).  Therefore, appellate counsel's failure to include an ineffective assistance claim against trial counsel on appeal does not make for an ineffective assistance of counsel claim against appellate counsel.

Third, Reyes-Martínez' argument that appellate counsel rendered ineffective assistance because he did not argue that Reyes-Martínez' sentence is illegal under Apprendi and its progeny is contradicted by the record:  on March 9, 2005, appellate counsel filed a motion arguing that Reyes-Martínez' sentence should be

CIVIL 07-1639 (JAG)                              12
(CRIMINAL 03-0083 (JAG))

vacated in light of the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005).

Therefore, this aspect of Reyes-Martínez' ineffective assistance of counsel claim must fail.

### B. Involuntary and Unintelligent Change of Plea

Reyes-Martínez also argues he should be allowed to withdraw his guilty plea because his trial counsel did not inform him he could challenge the drug quantities stipulated to in the plea agreement, making his plea involuntary and unintelligent.

A defendant does not have an absolute right to withdraw a guilty plea but instead has the burden of showing there is a fair and just reason to withdraw his plea before sentencing. United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997). In considering such a request, the most important factor to consider is whether the plea was knowing and voluntary within the meaning of Federal Rule of Criminal Procedure 11. United States v. Isom, 85 F.3d 831, 834 (1st Cir. 1996). The defendant bears the burden of showing a fair and just reason. Id.

A court must review the transcripts of a plea colloquy with an eye toward three "core concerns": (1) absence of coercion; (2) that the defendant understands of the charges; and (3) the defendant understands the consequences of the guilty plea. United States v. Isom, 85 F.3d at 835 (quoting United States v. Gray, 63 F.3d 57, 60 (1st Cir. 1995)).

The plea colloquy at the change of plea hearing establishes that these three concerns were met. Not only did the court ask defendants Reyes-Martínez and Mateo-Espada if they understood their rights, the consequences of pleading guilty (Docket No. 1-3, Tr. of Change of Plea Hearing), and whether they were coerced

CIVIL 07-1639 (JAG)                                     13
(CRIMINAL 03-0083 (JAG))

into such a plea (id. 15.), but the court asked the defendants no fewer than three times if they were guilty of the crimes in the indictment. (Id. at 21-22.)

The defendants answered all these questions in the affirmative. Therefore, Reyes-Martínez' plea was knowing and voluntary, and it should not be withdrawn.

### III.  CONCLUSION

In view of the above, I find that Reyes-Martínez has not met the burden of proof of showing that his trial and appellate counsel rendered ineffective assistance of counsel. Furthermore, Reyes-Martínez has not shown that his guilty plea was intelligent and involuntary. Therefore, it is my recommendation that petitioner Héctor Reyes-Martínez' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 should be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 3rd day of April, 2008.

S/ JUSTO ARENAS  
Chief United States Magistrate Judge